Christopher N. Coyle, OSB #073501
Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Plaintiff-Intervenor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>PPV, Inc.<br>and<br>Bravo Environmental NW, Inc.<br><br>      Debtors-in-Possession. | Bankruptcy Case Nos.: 19-34517-dwh11 (Lead Case); 19-34518-dwh11<br><br>Jointly Administered Under<br>Case No. 19-34517-dwh11 |
| David Burns,<br><br>      Plaintiff,<br><br>vs<br><br>James Thuney and Joe Thuney,<br><br>      Defendants. | Adv. Pro. No. 23-3003-dwh<br><br>**PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE** |

**NOTICE OF MOTION**

If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than fourteen (14) days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice. Your objection must set forth the

Page 1 of 14    PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND
                       MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

specific grounds for the objection and your relation to the case. The objection must be received by the clerk of the court at 1050 SW 6th Ave., 7th Floor, Portland, Oregon 97204 by the deadline specified above or it may not be considered. You must also serve the objection on Defendants' attorneys, Vanden Bos & Chapman, LLP, Attn: Christopher N. Coyle, 319 SW Washington St. Suite 520, Portland, Oregon 97204 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

## LBR 7007-1 CERTIFICATION

Pursuant to LBR 7007-1, Plaintiff-Intervenor Agua Holdings, Inc., by and through counsel, conferred (and/or sought conferral) in good faith with respective counsel for Plaintiff David Burns ("Burns") and Defendants James Thuney and Joe Thuney ("Defendants"). Following the January 15, 2023 filing of the Notice of Removal (Docket #1), counsel for Plaintiff-Intervenor sought conferral by e-mail, requesting response before Tuesday, January 17 at noon. Expedited conferral is warranted as discussions with counsel for Defendants indicated those parties intended to swiftly file a Motion to Dismiss in this matter. On January 15, 2023, counsel for Defendants responded that those parties were not opposed to the requested intervention. And, while counsel for Plaintiff David Burns responded to the January 16 conferral email from counsel for Defendants regarding their anticipated Motion to Dismiss, no response was received with respect to this motion.

Page 2 of 14     PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

## MOTION TO INTERVENE

Plaintiff-Intervenor Agua Holdings, Inc. ("Agua"), by and through its undersigned counsel, hereby MOVES, pursuant to Federal Rule of Civil Procedure ("Rule") 24, made applicable by Federal Rule of Bankruptcy Procedure 7024, to intervene as of right as plaintiff in this action (the "Case") or, in the alternative, by permission. Intervention is warranted as of right because Agua claims an interest in the property and/or transaction that is the subject of the action (to-wit: the cause of action asserted by Plaintiff David Burns is property of the bankruptcy estate and, therefore, Agua is the sole real party in interest), and is so situated that disposing of the action would impair of impede Agua's ability to protect its interests. Fed. R. Civ. P. 24(a)(2). As Plaintiff David Burns seeks to prosecute the cause of action for his own benefit (rather than the benefit of the estate), the existing plaintiff cannot adequately represent that interest. *Id.*

## FACTUAL BACKGROUND

Prior to December 10, 2019 (the "Petition Date"), Plaintiff David Burns ("Burns") had been a minority shareholder in Agua (at that time known as PPV, Inc.), together with other individuals not named in this Case and Defendants James Thuney and Joe Thuney (collectively, the "Defendants Thuney"). The Defendants Thuney, collectively, formed a majority of shareholders of Agua. In a prior shareholder dispute before the Circuit Court of the State of Oregon for the County of Multnomah ("Multnomah Court") styled *Burns v. PPV, Inc., et al.*, Multnomah Court Case No. 17CV50250, Agua was required to purchase Burns' interest in Agua with Burns relinquishing his stock certificates upon the initial payment; in or about September 2019 and, in any case, prior to the Petition Date, Burns did, in fact, relinquish his stock certificates (the

Page 3 of 14   PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

"Relinquishment Date"). Upon such relinquishment, Burns ceased to be a shareholder of Agua and, instead, was a creditor of Agua.

Also prior to the Petition Date and the Relinquishment Date, Agua and its wholly-owned subsidiary Bravo Environmental NW, Inc. ("Bravo") guaranteed two loans to Essential Services Group ("ESG").

On the Petition Date, Agua and Bravo each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this Court. On December 13, 2019, the Court ordered that the Agua and Bravo bankruptcies be jointly administered. Burns, by and through counsel, entered an appearance in the case on January 17, 2020, and actively participated in the bankruptcy cases. *See, e.g.,* Objection to Debtors' Joint Disclosure Statement (Docket #328), Precautionary Objection to Debtors' Second Amended Joint Plan of Reorganization Dated February 3, 2021 (Docket #493).

On April 1, 2021, the Court entered its Order Confirming Debtors' Third Amended Joint Plan of Reorganization (Dated: 03/30/2021) (Docket #515). Pursuant to the terms of the Debtors' Third Amended Joint Plan of Reorganization (Dated March 30, 2021) (Docket #513) (the "Plan"), on the Effective Date (as defined in the Plan), Agua and Bravo were "vested with all of Debtors' property, and all property of the bankruptcy estate, free and clear of all claims, liens, charges or other interests of Creditors arising prior to the entry of the order confirming the Plan except for liens upon property securing Claims provided for in the Plan." Plan, Art. 7.3. The Plan does not provide for any lien in favor of Burns. Plan, Art. 5.3.3.

Page 4 of 14   PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

# ARGUMENT

**1. Agua Should Be Permitted to Intervene as of Right.**

Federal Rule of Civil Procedure ("Rule") 24(a)(2), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7024, provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2). This Rule is "broadly interpreted in favor of intervention." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (*quoting United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *see also Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (noting that "[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts" (*quoting United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) (alteration in original))).

An applicant for intervention under this Rule must be permitted to intervene if: "(1) that the prospective intervenor's motion is timely; (2) that the would-be intervenor has a significantly protectable interest relating to . . . the subject of the action, (3) that the intervenor is so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest; and (4) that such interest is inadequately represented by the parties to the action." *Id.* at 853 (*quoting Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)) (internal quotation marks omitted; alteration in original). Agua meets each of these requirements for intervention as of right.

Page 5 of 14    PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

As this Court exercises jurisdiction over this case on federal question jurisdiction, rather than diversity jurisdiction, no independent ground for jurisdiction is required as participation will not change the Court's jurisdiction (or jurisdictional basis). As Agua's interest in the Case arises from its sole ownership of the claims asserted, Agua is not proposing to raise new claims; as a result, the independent jurisdictional grounds requirement does not apply to Agua. *Freedom from Religion Found.*, 644 F.3d at 844.

### A. Agua's Motion is Timely.

The timeliness of an application for intervention is evaluated by the "totality of the circumstances facing would-be intervenors, with a focus on three primary factors:"

> (1) the stage of the proceeding at which an applicant seeks to intervene;
> (2) the prejudice to other parties; and (3) the reason for and length of the delay. In analyzing these factors, however, courts should bear in mind that the crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties."

*Id.* at 854 (internal quotations omitted); *see County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986), *cert. denied*, 480 U.S. 946 (1987). Here, the case is still at the earliest stages: the Defendants Thuney have just recently removed this cause of action to this Court and neither has answered nor moved to dismiss Burns' Complaint. No trial scheduling order has been entered. No discovery has been authorized, let alone begun. No factual or legal issues have been litigated. *See, e.g., U.S. v. Brooks*, 164 F.R.D. 501, 503 (D. Or. 1995) (finding motion to intervene timely where filed seven months after service of the initial complaint, where no trial date was set and no discovery or significant negotiations between the parties had begun). The parties will not be prejudiced by Agua's intervention: Burns has been aware of Agua's position (describe

Page 6 of 14   PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

below) that it is the sole real party in interest with respect to the pre-bankruptcy conduct of the Defendants Thuney with respect to ESG which Burns alleges harmed Agua and/or Bravo since at least April 26, 2022, when counsel for Agua corresponded with Burns' counsel on this subject.

Agua has sought to intervene prior to any responsive pleadings to the cause of action alleged by Burns; even assuming that Agua became aware of the need for intervention upon Burns' filing of the complaint in the Multnomah Court on December 16, 2022, this intervention, filed prior to any other responsive pleading deadline, is timely.

### B. Agua Has a Substantial Interest in the Subject Matter of This Case

This litigation directly implicates Agua's interests in its property, including causes of action which, upon the Petition Date, became property of the estate and which, upon the Effective Date, were vested in Agua. "An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The Ninth Circuit has "rejected the notion that Rule 24(a)(2) requires a specific legal or equitable interest." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980); *see also Blake v. Pallan*, 554 F.2d 947, 952 (9th Cir. 1977). Rather, "the 'interest' test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuess v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).

Page 7 of 14    PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

The Ninth Circuit liberally construes intervention of right. *See Wash. State Building & Const. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982), *cert. denied*, 461 U.S. 913 (1983) (Rule 24 traditionally has received a liberal construction in favor of applicants for intervention); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (Rule 24(a)(2) limits the district court's discretion by providing that an applicant "shall be permitted to intervene" if the applicant satisfies the requirements of the rule).

This litigation directly implicates Agua's interest in its own property, including causes of action. Agua is the real party in interest with respect to the cause of action asserted by Burns and, as such, has a significantly protectable interest in the cause of action; this sole ownership also constitutes the requisite relationship between the interest and claim. "[A] right of action for breach of fiduciary duty that is enforceable by the corporation or by a shareholder's derivative action before the bankruptcy petition is filed" is property of the bankruptcy estate. *CBS, Inc. v. Folks (In re Folks)*, 211 B.R. 378, 384 (B.A.P. 9th Cir. 1997). If "the gravamen of the complaint is injury to the corporation … or it seeks to recover assets for the corporation or to prevent the dissipation of its assets," the action is derivative of the corporation's rights. *e-Realbiz.com, LLC v. Protocol Comms., Inc. (In Re Real Mktg. Svcs., Inc.)*, 309 B.R. 783, 788 (S.D. Cal. 2004). Simply stated, "'derivative claims' in the context of bankruptcy as ones that 'arise[] from harm done to the estate' and that 'seek[] relief against third parties that pushed the debtor into bankruptcy.'" *Marshall v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 740 F.3d 81, 89 (2d Cir. 2014) (quoting *Picard v. JPMorgan Chase & Co. (In re Bernard L. Madoff Inv. Sec. LLC)*, 721 F.3d 54, 70 (2d Cir. 2013). Here, the

Page 8 of 14    PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

gravamen of the Complaint is the allegation that, prior to the Petition Date, the Defendants Thuney, as majority shareholders, owed Burns "fiduciary duties," and that the Defendants Thuney's "conduct in guaranteeing [the ESG] loans … violated [those] duties … and failed to follow proper corporate formalities in approving the guarantees." Complaint at ¶¶ 4, 10. That Burns' Complaint did not label the cause of action as a derivative action is "not conclusive since plaintiffs often try to plead around a bankruptcy." *In re Giga Watt Inc.*, No. 18-03197-FPC7 at *15 (Bankr. E.D. Wash. Sep. 26, 2021). As a result, this Court should "look behind labels and inquire into the factual origins of the injury and, more importantly, into the nature of the legal claims asserted." *Id.* (internal quotations omitted).

### C. Intervention in this Case is Necessary to Protect Agua's Interest

This litigation directly implicates Agua's interest in its property and performance of its Plan. Given Agua's significant protectable interest, disposition of this case would, as a practical matter, affect it. Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 822 (9th Cir. 2001) ("We follow the guidance of Rule 24 advisory committee notes that state that " if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." (quoting Fed. R. Civ. P. 24 advisory committee note to 1966 amendment)).

In addition, there are no procedural options other than intervention available to Agua. Rule 25 (regarding substitution) is inapplicable. Rules 25(a) (regarding death), 25(b) (regarding incompetency), and 25(d) (regarding public officers) are all obviously inapplicable, while Rule 25(c) (regarding transfers of interest) is also inapplicable

Page 9 of 14    PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

because it applies only when the action was commenced by the real party in interest. *In re Sandia Resorts, Inc.*, No. 11-15-11532 JA at *24 (Bankr. D.N.M. May 26, 2016) (*citing* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, §1958 ("If an interest has been transferred prior to commencement of the suit, Rule 17, requiring that an action be brought in the name of the real party in interest and defining capacity to sue and be sued, is controlling.") (3d ed. 2007)). As described *supra.*, the interest in the cause of action inured solely to Agua on the Petition Date, prior to the commencement of this Case.

Further, given Agua's sole ownership of the claims asserted by Burns, Agua is uninterested in ratifying his usurpation of its property. *See* Fed. R. Civ. P. 17(a)(3) (allowing time for the real party in interest to "ratify, join, or be substituted" into the action). Likewise, given the adversarial nature between Burns, the Defendants Thuney, and Agua, none of the existing parties are anticipated to seek to join Agua as a party in this case. Finally, substitution is unavailable. *See infra*.

### D.   Burns Cannot Protect the Interest of Agua

Agua carries a minimal burden to show that the existing party, Burns, inadequately represents Agua's interests; this requirement is "satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. UMW*, 404 U.S. 528, 538 n.10 (1972). A proposed intervenor is adequately represented only if the following factors are met: "(1) the interests of a present party to the suit are such that it will undoubtedly make all of the intervenor's arguments; (2) the present party is capable of and willing to

Page 10 of 14    PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

make such arguments; and (3) the intervenor would not offer any necessary element to the proceedings that the other parties would neglect." *County of Fresno*, 622 F.2d at 438–39.

Burns, by the nature of his Complaint, implicitly asserts his ownership and control over Agua's property and will not "undoubtedly" make Agua's argument that Burns has no interest in the cause of action as such a position is wholly incompatible with Burns' Complaint. Likewise, Burns cannot be considered "capable of and willing" to make such arguments. Here, where Burns seeks to prosecute Agua's cause of action for his sole benefit rather than fulfill Agua's obligation to administer its plan (and assets) for the benefit of all creditors, Agua satisfies this burden.

Even if Burns were assign the proceeds from such an action solely to Agua, this would not adequately protect the interests of Agua. Burns and Agua have different objectives and different desires to achieve those objectives; for example, where Burns seeks to maximize repayment on his bankruptcy claim, Agua also seeks continued success in its reorganization, which goes beyond just making distributions to creditors. Agua must also confront and address the nuances of its claims against shareholders together with the benefits of those shareholders' expertise and continued work on behalf of Agua. A party cannot adequately represent the interests of another party even where the parties share a particular outcome but have different interests regarding "the litigation as a whole." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011).

Page 11 of 14    PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

## 2. Alternatively, Agua Should Be Allowed to Intervene by Permission

Agua may also be granted leave to intervene by permission. Rule 24(b)(1) permits intervention on timely motion by a non-party who "has a claim or defense that share with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The same substantial interests that give Agua a right to intervene in this case under Rule 24(a)(2) support permissive intervention under Rule 24(b): *First,* for the reasons detailed in Section 1(A), *supra*, Agua's motion is timely. *Second*, if required to file a separate action to protect Agua's interests, *see* Section 1(D)*, supra*, Agua would assert the same claim(s) against the Defendants Thuney and these assertions would require the Court to resolve questions of fact and law that are common to–and in some cases, identical to–questions raised by the existing parties. *Third*, as discussed in Section 1(B), *supra*, Agua is the real party in interest with respect to the derivative claims asserted by Burns, which will be at issue in this case. *Fourth*, because this case is at the earliest stage (no responsive pleadings have been filed), Agua's intervention will not delay or prejudice the adjudication of any party's rights.

## 3. Agua's Statement Regarding Rule 24(c).

Consistent with the Ninth Circuit's practical approach to interpreting Rule 24(c), Agua has not included a proposed pleading with their motion, which itself notifies the existing parties of Agua's interests in the litigation. *Westchester Fire Ins. Co. v.*

Page 12 of 14    PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

*Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009); see *Ctr. for Biological Diversity v. Jewell*, No. CV-15-00019-TUC-JGZ, 2015 WL 13037049, at *1 (D. Ariz. May 12, 2015) ("[W]ithin the Ninth Circuit, failure to comply with the technical requirements of Rule 24, by failing to attach a pleading, will not affect the outcome of a motion for intervention, assuming the motion otherwise meets Rule 24's substantive requirements."). The purpose of Rule 24(c) is "not only to inform the court of the grounds upon which intervention is sought, but also to inform the parties against whom some right is asserted or relief sought, so they may be heard before the court passes on the application." *Int'l Broth. of Teamsters, Chauffeurs, Stablemen and Helpers of America, Local Union No. 523, of Tulsa, Oklahoma v. Keystone Freighter Lines*, 123 F.2d 326, 328 (10th Cir. 1941). As set forth in Section 1(B), *supra*, Agua is the real party in interest; Agua anticipates that the Defendants Thuney will seek to dismiss Burns, leaving Agua as the sole plaintiff in the Case.

Agua has been in discussions with the Defendants Thuney regarding the claims and, in lieu of continued pleadings, anticipates a settlement conference to resolve the claims. If a resolution was reached, such a settlement would, of course, be subject to notice, under Fed. R. Bankr. P. 9019, in the ordinary course. If such a conference were unsuccessful, Agua agrees to file a responsive pleading upon the request of the Defendants Thuney.

Page 13 of 14   PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

## CONCLUSION

For the foregoing reasons, Agua respectfully requests that the Court grant its Motion to Intervene.

Dated: January 17, 2023          VANDEN BOS & CHAPMAN, LLP


By:/s/Christopher N. Coyle
    Christopher N. Coyle, OSB #073501
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Plaintiff-Intervenor

Page 14 of 14   PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-03003-dwh    Doc 3    Filed 01/17/23

DATE: January 17, 2023

DOCUMENT: PLAINTIFF-INTERVENOR AGUA HOLDINGS, INC.'S NOTICE AND MOTION TO INTERVENE

    I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing on:

| | |
|---|---|
| John H. Chambers<br>Dunn Carney LLP<br>851 SW Sixth Avenue<br>Suite 1500<br>Portland, OR 97204 | Scott Lasher Mullins<br>Mullins Law Office, LLC<br>1000 SW Broadway St., Suite 2300<br>Portland, OR 97205 |

by mailing a copy of the above-named document to each of the above in a sealed envelope addressed to the same at the last known address. Each envelope was deposited into the postal system at Portland, Oregon, on the below date, postage prepaid.

    I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: January 17, 2023      VANDEN BOS & CHAPMAN, LLP

                                   By: /s/Christopher N. Coyle
                                         Christopher N. Coyle, OSB #073501
                                         Of Attorneys for Plaintiff-Intervenor